UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

37-02017-00047169-CL-UD-CTL

DEUTSCHE BANK NATIONAL
TRUST COMPANY,

Case No.:  18cv1000-BTM-AGS

Plaintiff,

**ORDER REMANDING CASE**

v.

LAWRENCE MONTEFORTE,

Defendant.

On May 18, 2018, Defendant Lawrence Monteforte removed this action from the Superior Court of California, County of San Diego.  (ECF No. 1.) Defendant has also filed a motion to proceed *in forma pauperis* ("IFP").  (ECF No. 2.)  For the reasons discussed below, the Court **GRANTS** Defendant's motion to proceed IFP and sua sponte **REMANDS** this action to the San Diego Superior Court for lack of subject matter jurisdiction.

## **DISCUSSION**

### I.  **Motion to Proceed IFP**

Upon review of Defendant's affidavit in support of his IFP motion, the Court finds that Defendant has made a sufficient showing of inability to pay the filing fee. Accordingly, Defendant's IFP motion is **GRANTED**.

## II. <u>Subject Matter Jurisdiction</u>

Subject to exceptions not applicable here, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district court and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removal statute is strictly construed against removal jurisdiction, and the removing defendant bears the burden of establishing federal jurisdiction. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir. 2004).

"Congress has given the lower federal courts jurisdiction to hear, originally or by removal from a state court, only those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. Of State of Calif. V. Constr. Laborers Vacation Tr. for S. Calif.*, 463 U.S. 1, 27–28 (1983). Whether a case "arises under" federal law thus turns on the nature of the claims asserted in plaintiff's complaint. *See id.* at 10 ("For better or worse . . . a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law"). "A federal defense, however, is 'inadequate to confer federal jurisdiction.'" *Dennis v. Hart*, 724 F.3d 1249, 1253 (9th Cir. 2013) (quoting *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 808 (1986)).

It is unclear on what grounds Defendant has removed this action. He appears to reference the Alien Tort Claim Act, but his arguments are unintelligible. Nonetheless, Plaintiff filed a complaint asserting a single cause of action for unlawful detainer under California state law. The complaint, therefore, does not state a federal claim, nor does the asserted cause of action rest on federal law. Defendant has also not stated any facts to support diversity jurisdiction. Accordingly, the Court **REMANDS** this action to the San Diego Superior Court.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendant's motion for IFP. (ECF No. 2.) However, as the Court lacks subject matter jurisdiction, the Court sua sponte **REMANDS** this action to the San Diego Superior Court.

**IT IS SO ORDERED**.

Dated: May 25, 2018

Barry Ted Moskowitz, Chief Judge
United States District Court

18cv1000-BTM-AGS